IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CIM, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:23-cv-00479 |
| SERIES PROTECTED CELL 1, a Series of OXFORD INSURANCE COMPANY TN, LLC, | ) ) ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE FRENSLEY |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's motion for judgment on the pleadings (Doc. No. 18), brought under Federal Rule of Civil 12(c), which is fully briefed. (Doc. Nos. 25, 26). For the reasons discussed below, the motion (Doc. No. 18) is **DENIED**.

This case arises from a certain Actual Net Loss Insurance policy (the "Policy") issued by Defendant Series Protected Cell 1, a Series of Oxford Insurance Company TN, LLC ("Oxford") to Plaintiff CIM, LLC ("CIM"). (*See* Complaint, Doc. No. 1). Specifically, CIM brings a claim for breach of contract and seeks declaratory judgment regarding the Policy. (*See id*.). The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014). The Court is limited to review of the language of the Complaint and any exhibit attached to the Complaint or referred to in the Complaint and central to the plaintiff's claim. *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (approving of district court's refusal to consider documents filed with a motion to dismiss that were not referenced in the Complaint and central to plaintiff's claims).

Here, Oxford asks the Court to consider documents attached to its Answer and relies on those documents in making the pending motion.[1] These documents relate to the claim and subsequent correspondence between the parties before this suit was filed. While the claims and denials are described in the Complaint, CIM's claims arise from the Policy attached to the Complaint. The Court does not find that the pre-suit documents are central to CIM's claims under the Policy and will not consider the exhibits to Oxford's Answer in ruling on the instant motion.

Oxford's motion appears to argue against positions CIM may have taken pre-suit, but, as stated, the Court must limit its review to the allegations in the Complaint and the Policy. Under Tennessee law, "an insurance policy is a contract, and as such, [the court's] analysis must be grounded in principles of contract law." *Christenberry v. Tipton*, 160 S.W.3d 487, 492 (Tenn. 2005). Thus, the terms of an insurance contract "should be given their plain and ordinary meaning." *Garrison v. Bickford*, 377 S.W.3d 659, 663 (Tenn. 2012). Where the language of the policy is clear and unambiguous, the court must give effect to that meaning. *Id*. Courts must construe insurance policies "as a whole in a reasonable and logical manner." *Travelers Indem. Co. of Am. v. Moore & Assocs., Inc.*, 216 S.W.3d 302, 306 (Tenn. 2007); *see also, Shempert v. Cox*, 513 S.W.3d 469, 473 (Tenn. Ct. App. 2016) ("The policy should be construed 'as a whole in a reasonable and logical manner' and the language in dispute should be examined in the context of the entire agreement."). "Language in an insurance policy is ambiguous if it is susceptible of more than one reasonable interpretation." *Artist Bldg. Partners v. Auto-Owners Mut. Ins. Co.*, 435 S.W.3d 202, 216 (Tenn. Ct. App. 2013) (citing *Tata v. Nichols*, 848 S.W.2d 649, 650 (Tenn. 1993)). "Ambiguity in a contract is doubt or uncertainty arising from the possibility of the same language being fairly understood in more ways than one." *Id*. (quoting *Mid-Century Ins. Co. v. Williams*, 174 S.W.3d

---

[1] Oxford (through the same counsel) attempted the same with Judge Trauger without success. *See Eye Centers of Am., LLC v. Series Protected Cell 1*, 583 F. Supp. 3d 1105, 1112 (M.D. Tenn. 2022) (refusing to consider matters outside the pleadings in resolving motion for judgment on the pleadings).

230, 240 (Tenn. Ct. App. 2005)). "When a provision that purports to limit insurance is ambiguous, it must be construed against the insurance company and in favor of the insured." *Id*. (quoting *Gates v. State Auto Mut. Ins. Co.*, 196 S.W.3d 761, 764 (Tenn. Ct. App. 2005)).

Here, CIM seeks damages for breach of contract and a declaratory judgment that Oxford is obligated to pay the actual net loss on the Policy. Oxford argues it is not obligated by the "plain ordinary meaning" of Exclusion R of the Policy because CIM voluntarily parted with the property – here money – even if induced to do so by fraud. Oxford argues this unambiguous provision when coupled with the Complaint establishes that it is entitled to judgment on the pleadings.[2] Conversely, CIM argues that Exclusion R conflicts with coverage provisions in the crime section of the Policy and if Oxford's interpretation is correct, the terms of Exclusion R render meaningless certain coverage terms in the crime provision. Specifically, as the Court understands CIM's proposed interpretation, the exclusion of coverage found in Exclusion R based on "voluntary parting" – which CIM concedes occurred in the Complaint – would render meaningless coverage in the crime provision for "electronic funds transfer fraud" because, by definition, fraud involves a "perversion of truth in order to induce another to part with something of value or to surrender a legal right." (Doc. No. 25 at 20 (quoting Merriam Webster)). Put another way, fraud necessarily involves a voluntary parting of property and the crime provision provides coverage for actions by a "third party" that involves "takings accomplished by… electronic funds transfer fraud."

In its reply, Oxford challenges authority cited in CIM's response, but does not squarely address the ambiguity CIM posits, instead offering circumstances for fraud that might not involve a "voluntary parting." This short attention given what the Court views as a critical issue at this juncture is telling and seems to highlight that the crime coverage read next to the Exclusion R is

---

[2] The vast majority of cases cited by Oxford involved a summary judgment ruling and, in its reply, Oxford asserts there are "no disputed facts," which is not the standard under Rule 12.

3

susceptible to more than one reasonable interpretation.[3] Under Tennessee law, "exceptions, exclusions and limitations in insurance policies must be construed against the insurance company and in favor of the insured." *Blaine Constr. Corp. v. Insurance Co. of N. Am.*, 171 F.3d 343, 349 (6th Cir. 1999) (citing *Allstate Ins. Co. v. Watts*, 811 S.W. 2d 883, 886 (Tenn. 1991)). Further, "an ambiguity in insurance policy language exists only if the language is fairly or reasonably susceptible to two or more different, but reasonable, interpretations or meanings." *Burka v. Vanderbilt Univ. Med. Cntr.*, 550 F. Supp. 3d 530, 541 (M.D. Tenn. 2021) (citation omitted).

Here, the Court finds that both parties provide a different and, at this juncture, reasonable interpretation of the Policy. And resolving the claimed ambiguity, the Court may rely on rules of construction, but neither of the parties offered clear rules other than lengthy citations to other courts' decisions. And even if those rules do not resolve the ambiguity, the legal meaning becomes a question of fact. *Id*. at 542. The Court is not declaring that the disputed terms of the Policy are ambiguous as a matter of law, nor is the Court resolving factual dispute about ambiguities. Rather, the Court simply finds that Oxford has not established, at this juncture, that it is entitled to judgment on the pleadings. Accordingly, Oxford's motion (Doc. No. 18) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The standard here is set forth above. While other courts' interpretation of similar insurance provisions under the law of other states may be instructive to some degree, the Court must look at the claims in Complaint and the plain language of this policy. Understandably, the parties' dispute did not begin with the filings in this case. But the parties' briefing spends an inordinate amount of time pointing to other cases and then, in response, distinguishing the other party's cases. This apparent carry over from the pre-suit claims process is not particularly helpful to the Court given the standard of review applicable here.